1  Brian J. Mills (#216078)
   bmills@swlaw.com
2  Erin D. Leach (#247785)
   eleach@swlaw.com
3  Anne Dwyer (#288216)
   adwyer@swlaw.com
4  SNELL & WILMER L.L.P.
   600 Anton Blvd, Suite 1400
5  Costa Mesa, California  92626-7689
   Telephone:  714.427.7000
6  Facsimile:  714.427.7799

7  Attorneys for Defendant
   Integra Capital Group, Inc. dba Century
8  Business Solutions

9

## UNITED STATES DISTRICT COURT

10

## CENTRAL DISTRICT OF CALIFORNIA

11

12

13  DONALD JOSEPH ACOSTA,

14          Plaintiff,

15     v.

16  INTEGRA CAPITAL GROUP, INC.
    dba CENTURY BUSINESS
17  SOLUTIONS, a California corporation;
    and DOES 1 to 10,

18          Defendants.

19

20

21

Case No.

**NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C.
§§1441(a) (FEDERAL QUESTION)**

(Case removed from Superior Court of
California, County of Orange, Case
No. 30-2017-00902395-CU-OE-CJC,
Complaint for Damages, Filed
February 8, 2017)

22  TO THE CLERK OF THE ABOVE ENTITLED COURT:

23          Pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and 1367, defendant Integra

24  Capital Group, Inc. dba Century Business Solutions ("Century") hereby removes to

25  this Court the state court action entitled *David Joseph Acosta v. Integra Capital*

26  *Group, Inc. dba Century Business Solutions and Does 1 to 10,* Case No. 30-2017-

27  00902395-CU-OE-CJC, previously pending in the Superior Court of California,

28  County of Orange.

In support of this Notice of Removal, Century alleges as follows:

## State Court Action

1. On February 8, 2017, Plaintiff David Joseph Acosta ("Plaintiff") filed a Complaint for Damages in the Superior Court of California, County of Orange, Case No. 30-2017-00902395-CU-OE-CJC, alleging the following causes of action: (1) Failure to pay overtime wages (California law), (2) unlawful failure to provide off-duty meal periods, (3) unlawful failure to provide off-duty rest periods, (4) waiting time penalties, (5) violation of California Business and Professional Code Section 17200, and (6) failure to pay overtime under the Federal Fair Labor Standards Act. A copy of the Complaint for Damages is attached as Exhibit 1.

2. On or about March 1, 2017, Plaintiff's counsel sent Century a Notice and Acknowledgment of Receipt of the Summons and Complaint. On March 3, 2017, Century's counsel signed the Notice and Acknowledgment of Receipt of the Summons and Complaint. Therefore, service was deemed complete on March 3, 2017. Cal. Code Civ. Proc. § 415.30(c). A copy of the Summons and signed Notice and Acknowledgement of Receipt of the Summons and Complaint are attached as Exhibit 2. This notice of removal is timely in that it is filed within 30 days of service of the Complaint. 28 U.S.C. § 1446(b). Plaintiff also served Century with a Notice of Related Case, a copy of which is attached as Exhibit 3.

3. On March 19, 2017, Century filed an answer to the Complaint. A copy of the Answer is attached as Exhibit 4.

4. There have been no other documents served on Century in the state court action.

## Jurisdiction

5. This action is a civil action alleging a violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., among other claims.

6. This is an action under the laws of the United States within the meaning of 28 U.S.C. § 1331 (federal question), conferring original jurisdiction

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA, 92626/7689

over such actions on the United States district courts. This action is, therefore, removable to this Court under the provisions of 28 U.S.C. §§1441 and 1446.

7.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in the State Court Action because they are so related to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 that they form part of the same case or controversy.

**Venue**

8.     Venue is proper pursuant to 28 U.S.C. § 1446(a) and 1441(a) because this Court is the United States District Court for the "district and division embracing the place where" the action was filed, i.e., Orange County, California.

**Written Notice**

9.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served upon all parties and/or counsel. A copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of California, County of Orange. A copy of the Notice that will be provided to the State Court and to Plaintiff is attached as Exhibit 5.

10.     The removal of this action to the United States District Court for the Central District of California does not waive the ability of Century to assert any defense in this action.

Dated: March 21, 2017          SNELL & WILMER L.L.P.


By: _____
          Brian J. Mills
          Erin D. Leach
          Anne Dwyer
          Attorneys for Defendant
          Integra Capital Group, Inc. dba
          Century Business Solutions

# EXHIBIT 1

13243683

JOSEPH J. GIGLIOTTI SBN 144979
GIGLIOTTI & GIGLIOTTI
26501 Rancho Parkway South, Ste. 101
Lake Forest, CA 92630
(949)305-8202
(949)305-8239 FAX

Attorney for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/08/2017** at 03:48:57 PM
Clerk of the Superior Court
By Marlene Orellana,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

ORANGE COUNTY CENTRAL JUSTICE CENTER

Judge Sheila Fell

DONALD JOSEPH ACOSTA,

     Plaintiff,

    vs.

INTEGRA CAPITAL GROUP, INC. dba
CENTURY BUSINESS SOLUTIONS, a
California corporation and Does 1 TO 10,

     Defendant

Case No.: 30-2017-00902395-CU-OE-CJC

COMPLAINT FOR DAMAGES

1. Failure to Pay Overtime Wages
   (California Law);
2. Unlawful Failure To Provide Off-Duty
   Meal Periods;
3. Unlawful Failure To Provide Off-Duty
   Rest Periods;
4. Waiting Time Penalties;
5. Violation of California Business &
   Professions Code Section § 17200;
6. Failure to Pay Overtime under the Fair
   Labor Standards Act.

Plaintiff alleges as follows:

    1.    Plaintiff, Donald Joseph Acosta, is an adult resident of the City of Laguna Hills
and County of Orange "Acosta" or "Plaintiff").

    2.    Defendant, Integra Capital Group, Inc., dba Century Business Solutions, is a

1

COMPLAINT FOR DAMAGES

California corporation, ("Integra" or "Defendant") with its headquarters located in the City of Irvine, Orange County.

3. Plaintiff is unaware of the true names and capacities of defendants Does 1 through 10, inclusive, and therefore sues these defendants by fictitious names. Plaintiff is informed and believe and on that basis alleges that each of the fictitiously named defendants is in some manner responsible for the damages alleged in this Complaint. Plaintiffs will amend this Complaint to show the true names and capacities of these fictitiously named defendants after their true names and capacities have been ascertained.

4. Plaintiff is informed and believes that at all times herein mentioned, each of the defendants, including the fictitious Doe defendants, was the owner, managing agent, wholly owned subsidiary, and/or employee of each of the remaining defendants and in doing the things mentioned herein was acting within the scope of such agency and/or employment.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to Code of Civil Procedure § 410.10. This Court has personal jurisdiction over the parties because Defendant, Integra is and at all times relevant was conducting business in California. Venue is proper in this Court pursuant to Code Civ. Proc. § 395 because Defendant Integra's principle place of business and its corporate offices are located in Irvine, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Defendant employed Plaintiff during the past 4 years. Plaintiff's job duties include soliciting and selling merchant credit card services to business throughout the United States.

6. Throughout the relevant period, Plaintiff is informed and believes, and based thereon alleges, that Defendants are employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA" or the "Act") FLSA.

7. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants were and are companies, corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of

California. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, the applicable Wage Orders issued by the Industrial Welfare Commission, and California Business and Professions Code section 17200, *et seq.*

8.     During the past 4 years, Defendant has employed Plaintiff as a "Business Relations Manager."

9.     At all relevant times, the compensation for Plaintiff was compromised of a set salary or "commissions" which ever was greater. Defendants did not, and do not, pay overtime rates for hours that Plaintiff worked in excess of eight hours a day, twelve hours a day, and/or 40 hours a week.

10.     Business Relations Manager duties consist of, among other things, selling credit card processing services to various merchants.

11.     Throughout the statutory period, Defendant failed to provide Plaintiff with required meal and rest periods.

12.     On information and belief, Defendants failed to keep accurate records of the times and hours Plaintiffs worked as required under state and federal law.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE CALIFORNIA LABOR CODE AND APPLICABLE WAGE ORDERS OF THE CALIFORNIA INDUSTRIAL WELFARE COMMISSION

#### (Against All Defendants)

13.     The preceding paragraphs of this Complaint are realleged and incorporated by reference.

14.     Pursuant to California Labor Code section 1194, Plaintiff may bring a civil action for overtime wages directly against his employer without first filing a claim with the Division of Labor Standards Enforcement.

15.     During all relevant time periods, California Labor Code section 510 applied to Plaintiff and provided that any work performed by a non-exempt employee in excess of 8 hours

3

COMPLAINT FOR DAMAGES

in a day or 40 hours in a week, must be compensated at one and one-half times the employee's regular rate of pay and any work time in excess of 12 hours in a day or on the seventh successive day must be paid at double the regular rate of pay. Defendants, and each of them, did not compensate Plaintiff for all work time in excess of 8 hours in a day or 40 hours in a week at one and one-half times his regular rate of pay or for all work time in excess of 12 hours in a day or on the seventh consecutive day at double their regular rate of pay.

16. During his employment by Defendants, Plaintiff had work time in excess of 8 hours in a day and/or 40 hours in a week without receiving time and a half pay, and had work time in excess of 12 hours in a day and/or on the seventh of seven consecutive day but was not paid for that work time at double time pay.

17. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, knew, or should have known, that Plaintiff should have been paid a premium for all overtime hours he worked and purposely and unfairly elected not to pay him for his overtime labor.

18. In violation of state law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wages earned and all hours worked. As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to his damage in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

19. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and Plaintiff is entitled to recover in a civil action for the unpaid balance of the full amount of the overtime premiums owing, including interest thereon, as well as penalties, reasonable attorneys' fees and costs of suit pursuant to the California Labor Code.

20. Plaintiff and the California Class also request relief as described below.

*SECOND CAUSE OF ACTION*

**FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF THE CALIFORNIA LABOR CODE**

**(Against All Defendants)**

21.     The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

22.     Labor Code sections 226.7 and 512 require that every employer authorize and permit employees to take an uninterrupted meal period of not less than 30 minutes for a work period of more than five hours. Further an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

23.     If an employer fails to provide the meal periods, the employer is required to pay the employee one additional hour of compensation for each workday that a meal period is not provided.

24.     Defendants, and each of them, failed to provide Plaintiff the meal periods required under California law, and also failed to pay Plaintiff one additional hour of compensation for each workday when a meal was not provided.

25.     As a result, pursuant to California Labor Code Section 226.7, Plaintiff is entitled to one additional hour's pay for each day a meal break was not provided, in an amount to be proven at trial.

*THIRD CAUSE OF ACTION*

**FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF THE CALIFORNIA LABOR CODE**

**(Against All Defendants)**

26.     The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

COMPLAINT FOR DAMAGES

1     27.    Industrial Welfare Commission Wage Order 4, section 12 requires employers to

2 provide employees with a paid rest period of at ten (10) minutes per four (4) hours worked.

3     28.    Defendants failed to provide Plaintiff with all required rest breaks.

4     29.    As a result, pursuant to California Labor Code Section 226.7, Plaintiff is entitled

5 to one additional hour's pay for each day a rest break was not provided, in an amount to be

6 proven at trial.

## FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY COMPENSATE FOR ALL WAGES DUE AT END OF EMPLOYMENT IN VIOLATION OF THE CALIFORNIA LABOR CODE

### (Against All Defendants)

30.    The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

31.    California Labor Code section 201 and 202 required Defendants and each of them, to pay their employees whose employment has terminated all wages due upon discharge. Defendants, and each of them, in violation of these sections, willfully failed to pay Plaintiff all wages due and owing within the timeframe required by this statute.

32.    Defendants' willful failure to pay Plaintiff all of the wages due and owing him constitutes a violations of Labor Code sections 201 and 203, which provide that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to penalties pursuant to Labor Code section 203.

33.    Accordingly, Defendants, and each of them, are liable for waiting time penalties to the California Class pursuant to Labor Code section 203 in an amount according to proof.

34.    Plaintiff and the California Class also request relief as described below.

6

## FIFTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200, *ET SEQ.*, UNFAIR BUSINESS PRACTICES

### (Against All Defendants)

35. The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

36. Business and Professions Code section 17200, *et seq.*, prohibits acts of unfair competition that shall mean and include any "unlawful, unfair, or fraudulent business act or practice." Plaintiff alleges that at all relevant times Defendants, and each of them, have engaged in unfair business practices in California by utilizing the illegal employment practices outlined above, including causing Plaintiff to perform services without receiving proper compensation as required by the California Labor Code and the applicable Wage Orders of the Industrial Welfare Commission.

37. Defendants' practices are illegal and violate the FLSA, the California Labor Code sections 201, 202, 203, 226, 226.7, 227.3, 510, 512, 1174, and 1194, as well as the applicable Wage Orders of the Industrial Welfare Commission.

38. Defendants' actions entitle Plaintiff and the California Class to seek the remedies available pursuant to section 17200.

39. Additionally, under California law, wages unlawfully withheld from an employee constitute an unfair business act as defined by section 17200, entitling Plaintiff to a restitution remedy authorized by section 17203.

40. Plaintiff seeks full restitution and restitutionary disgorgement of said monies from Defendants.

## SIXTH CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *ET SEQ.*

### (Against All Defendants)

COMPLAINT FOR DAMAGES

41.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42.    The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) ("FLSA") provides, in relevant part as follows:

*Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.*

43.    Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

44.    At all times relevant, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

45.    Accordingly, the overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

46.    Defendants violated the FLSA by failing to pay overtime. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by Plaintiff.

47.    Defendants failed to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 207(a)(1).

48.    Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

49.    Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

50.    Because Defendants' violations of the FLSA were willful, a three-year

COMPLAINT FOR DAMAGES

statute of limitations applies, pursuant to 29 U.S.C. § 255.

51.     As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 201, *et seq*.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants as described above and as follows:

1.  For compensatory damages in an amount to be proven at trial;

2.  For costs and expenses of suit incurred herein;

3.  For Plaintiffs attorneys' fees pursuant to California Labor Code Section 1194;

4.  For Plaintiffs attorneys' fees pursuant to 29 U.S.C. §216(b);

5.  For liquidated damages pursuant to 29 U.S.C. §216(b);

6.  For penalties pursuant California Labor Code Section 203 and 226;

7.  For additional monies equal to one hour of pay for each work day within the statutory period of Labor Code §226.7, in which Plaintiffs worked without being permitted one or more meal breaks;

8.  For additional monies equal to one hour of pay for each work day within the statutory period of Labor Code §226.7, in which Plaintiff worked without being permitted one or more rest breaks;

9.  That Defendants be found to have engaged in unfair competition in violation of sections 17200 *et seq*. of the California Business and Professions Code;

10. That Defendants be ordered and enjoined to specifically perform and make restitution to Plaintiffs due to Defendants unfair competition, including disgorgement of all wrongfully-withheld amounts, pursuant to California Business and Professions Code sections 17202, 17203 and 17204;

COMPLAINT FOR DAMAGES

11. For a pre-judgment interest pursuant to Civil Code § 3287 and Labor Code § 1194(a) from the date such unpaid wages were due and owing;

12. For costs of suit incurred herein; and

13. For such other and further relief as the court deems just and proper.

Dated: 2/8/17

By: _____
JOSEPH J. GIGLIOTTI
Attorney for Plaintiff

# EXHIBIT 2

13243683

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Integra Capital Group,Inc.,dba Century Business
Solutions,a California corporation and
DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Donald Joseph Acosta

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/09/2017** at 03:28:00 PM
Clerk of the Superior Court
By Marlene Orellana,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER**
*(Número del Caso):*
30-2017-00902395-CU-OE-CJC

Superior Court of California
700 Civic Center Drive West
Santa Ana, California 92702

Judge Sheila Fell

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph J. Gigliotti SBN 144979 GIGLIOTTI & GIGLIOTTI
26501 Rancho Pkwy S. Ste 101 (949) 305-8202
Lake Forest, CA 92630

DATE: 02/09/2017 DAVID H. YAMASAKI, Clerk of the Court     Clerk, by *Marlene R. Orellana*, Deputy
*(Fecha)*                                                  *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*     Marlene Orellana

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]     **Essential Forms**     **SUMMONS**     Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Donald Acosta

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joseph J. Gigliotti          SBN 144979<br>GIGLIOTTI & GIGLIOTTI<br>26501 Rancho Pkwy S. Ste 101<br>Lake Forest, CA 92630<br>TELEPHONE NO.: (949) 305-8202      FAX NO.*(Optional)*: (949) 305-8239<br>E-MAIL ADDRESS *(Optional)*:  gigliottilaw@msn.com<br>ATTORNEY FOR *(Name)*:  Donald Acosta | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
  STREET ADDRESS: 700 Civic Center Drive West
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Ana, California 92702
  BRANCH NAME: Central Judicial District

PLAINTIFF/PETITIONER: Donald Acosta

DEFENDANT/RESPONDENT: Integra Capital Group, Inc., dba Century Bus
  a California corporation and DOES 1 To 10

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>30-2017-00902395 - CU-OE-CJC |
|---|---|

TO *(Insert name of party being served)*: Integra Capital Group, Inc.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: March 1, 2017

Melissa Munoz
      (TYPE OR PRINT NAME)
                  (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*:
    Copy of Summons, complaint

---

*(To be completed by recipient)*:

Date this form is signed: March 3, 2017

Cecilia A. Perkins, Attorneys for Integra Capital
Group, Inc. dba Century Business Solutions
    (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
    ON WHOSE BEHALF THIS FORM IS SIGNED)
            (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
            ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | Martin Dean's<br>ESSENTIAL FORMS™ | NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|---|

Donald Acosta

# EXHIBIT 3

13243683

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph J. Gigliotti      SBN 144979<br>GIGLIOTTI & GIGLIOTTI<br>26501 Rancho Pkwy S. Ste 101<br>Lake Forest, CA 92630<br>TELEPHONE NO.: (949) 305-8202   FAX NO.*(Optional)*: (949) 305-8239<br>E-MAIL ADDRESS *(Optional)*: gigliottilaw@msn.com<br>ATTORNEY FOR *(Name)*: | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**02/08/2017** at 03:48:57 PM<br>Clerk of the Superior Court<br>By Marlene Orellana, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92702
BRANCH NAME: Central Judicial District

| | |
|---|---|
| PLAINTIFF/PETITIONER: Donald Acosta | CASE NUMBER:<br>30-2017-00902395-CU-OE-CJC |
| DEFENDANT/RESPONDENT: Integra Capital Group, Inc. | JUDICIAL OFFICER:<br>Judge Sheila Fell |
| **NOTICE OF RELATED CASE** | DEPT.: C25 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Integra Capital Group v. Donald Acosta

    b.  Case number: 2016-00836862-CU-IP-CJC

    c.  Court: ☒ same as above

              ☐ other state or federal court *(name and address):*

    d.  Department: C33

    e.  Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f.  Filing date: February 22, 2016

    g.  Has this case been designated or determined as "complex?" ☐ Yes ☒ No

    h.  Relationship of this case to the case referenced above *(check all that apply):*
       ☒ involves the same parties and is based on the same or similar claims.
       ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of
          the same or substantially identical questions of law or fact.
       ☐ involves claims against, title to, possession of, or damages to the same property.
       ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
          ☐ Additional explanation is attached in attachment 1h

    i.  Status of case:
       ☒ pending
       ☐ dismissed ☐ with ☐ without prejudice
       ☐ disposed of by judgment

2.  a.  Title:

    b.  Case number:

    c.  Court: ☐ same as above

              ☐ other state or federal court *(name and address):*

    d.  Department:

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]    Marcia Dean's **ESSENTIAL FORMS™**    **NOTICE OF RELATED CASE**    Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov

Donald Acosta

| PLAINTIFF/PETITIONER:Donald Acosta | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT:Integra Capital Group, Inc., dba Century Busines | |

2. *(continued)*

   e.  Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify)*:

   f.  Filing date:

   g.  Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

   h.  Relationship of this case to the case referenced above *(check all that apply)*:
      ☐ involves the same parties and is based on the same or similar claims.
      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
        ☐ Additional explanation is attached in attachment 2h

   i.  Status of case:
      ☐ pending
      ☐ dismissed  ☐ with  ☐ without prejudice
      ☐ disposed of by judgment

3.  a.  Title:

   b.  Case number:

   c.  Court:  ☐ same as above
        ☐ other state or federal court *(name and address)*:

   d.  Department:

   e.  Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify)*:

   f.  Filing date:

   g.  Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

   h.  Relationship of this case to the case referenced above *(check all that apply)*:
      ☐ involves the same parties and is based on the same or similar claims.
      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
        ☐ Additional explanation is attached in attachment 3h

   i.  Status of case:
      ☐ pending
      ☐ dismissed  ☐ with  ☐ without prejudice
      ☐ disposed of by judgment

4.  ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: February 8, 2017

Joseph J. Gigliotti
  (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)   ▶   _____
                                        (SIGNATURE OF PARTY OR ATTORNEY)

Martin Dean's
ESSENTIAL FORMS™

**NOTICE OF RELATED CASE**

Donald Acosta

| PLAINTIFF/PETITIONER: Donald Acosta | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Integra Capital Group, Inc., dba Century Busines | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
   26501 Rancho Pkwy S. Ste 101 Lake Forest, CA 92630

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):* February 13, 2017
   b. from *(city and state):* Lake Forest, CA

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      H Daniel Fuller
      Street address: 114 Pacifica Ste 450
      City: Irvine
      State and zip code: CA, 92618
   
   b. Name of person served:
      
      Street address:
      City:
      State and zip code:
   
   c. Name of person served:
      
      Street address:
      City:
      State and zip code:
   
   d. Name of person served:
      
      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 13, 2017

Melissa Munoz
(TYPE OR PRINT NAME OF DECLARANT)

▶ *(signature)*
(SIGNATURE OF DECLARANT)

Martin Dean's
ESSENTIAL FORMS™

Donald Acosta

# EXHIBIT 4

13243683

1  Brian Mills (#216078)
   bmills@swlaw.com
2  Erin D. Leach (#247785)
   eleach@swlaw.com
3  Anne Dwyer (#288216)
   adwyer@swlaw.com
4  SNELL & WILMER L.L.P.
   600 Anton Blvd., Suite 1400
5  Costa Mesa, California  92626-7689
   Telephone:    714.427.7000
6  Facsimile:    714.427.7799

7  Attorneys for Defendant
   Integra Capital Group, Inc. dba Century Business
8  Solutions

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
03/20/2017 at 12:07:00 PM
Clerk of the Superior Court,
By Christin Dawson,Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

11

12  DONALD JOSEPH ACOSTA,                    Case No. 30-2017-00902395-CU-OE-CJC

13              Plaintiff,                   Hon. Sheila Fell

14       v.

15  INTEGRA CAPITAL GROUP, INC. dba          **DEFENDANT INTEGRA CAPITAL
    CENTURY BUSINESS SOLUTIONS, a            GROUP, INC. DBA CENTURY
16  California corporation; and DOES 1 to 10, BUSINESS SOLUTIONS' ANSWER TO
                                             COMPLAINT FOR DAMAGES**
17              Defendants.

18                                           DATE OF FILING: February 8, 2017
                                             TRIAL DATE:    No Date Set
19

20

21       Defendant Integra Capital Group, Inc. dba Century Business Solutions ("Century") hereby

22  answers the unverified Complaint for Damages ("Complaint") of plaintiff Donald Joseph Acosta

23  ("Plaintiff") as follows:

24       Under the provisions of § 431.30(d) of the California Code of Civil Procedure, Century

25  denies each and every allegation, both specifically and generally, of each cause of action

26  contained in Plaintiff's Complaint on file herein and the whole thereof, and denies that Plaintiff

27  was damaged in any sum or sums, at all.

28  ///

SNELL & WILMER
L.L.P.
600 ANTON BLVD.SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action fail to state facts sufficient to constitute a cause or causes of action against Century.

### SECOND AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, the Complaint, as well as each purported cause of action therein, is barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure §§ 338 and 340, California Business & Professions Code § 17208, and 29 U.S. Code § 255.

### THIRD AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Plaintiff acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of Century, thus barring Plaintiff from any relief as prayed for herein.

### FOURTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, the practices of which Plaintiff complains were and are not unlawful, unfair, or fraudulent.

### FIFTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Century alleges that its conduct with respect to Plaintiff was at all times justified and/or privileged under state or federal law.

### SIXTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted because Plaintiff received proper payment for all time worked and/or all compensable time.

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

## SEVENTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Plaintiff has failed to set forth a prima facie case that Century violated any of the statutes or wage orders upon which Plaintiff relies.

## EIGHTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Plaintiff was properly classified as exempt from overtime as a commissioned sales employee.

## NINTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Century alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted because Plaintiff was at all times provided with legally-compliant meal periods, including a second meal period when entitled to one.

## TENTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Century alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted because, to the extent Plaintiff may not have taken a full, uninterrupted and timely meal period, Plaintiff voluntarily waived such meal periods, voluntarily took such meal periods late, or voluntarily returned early from such meal periods.

## ELEVENTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Century alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted because Plaintiff was at all times provided with legally-compliant rest breaks.

## TWELFTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Century alleges that Plaintiff's Complaint

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

fails to state facts sufficient to constitute a cause of action upon which relief can be granted because, to the extent Plaintiff may not have taken a full, uninterrupted and timely rest break, Plaintiff voluntarily waived such rest breaks or voluntarily returned early from such rest breaks.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, Century alleges that Plaintiff is not entitled to recover penalties, the existence of which are specifically denied, as Century acted in good faith and had reasonable grounds to believe it was not violating applicable state and/or federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, and without admission of any violation of law, Century did not knowingly, recklessly or willfully violate any applicable state or federal law.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a further rand separate affirmative defense, without conceding that Century has committed any wrongdoing, any conduct on part of Century that may have violated the FLSA was in good faith and there were reasonable grounds for believing this conduct was not a violation of law pursuant to 29 U.S.C. § 260.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, without admitting that Plaintiff has suffered any injury or damage, the Complaint and each of its purported causes of action are barred by Plaintiff's failure to take reasonable steps to avoid or otherwise mitigate the claimed damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a further and separate affirmative defense, without conceding that Century has committed any wrongdoing, Century is entitled to a set-off for any amount already paid in wages to which the employee was not entitled.

SNELL & WILMER
L.L.P.
600 ANTON BLVD. SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

## EIGHTEENTH AFFIRMATIVE DEFENSE

Discovery in this matter may reveal basis for an avoidance or affirmative defense. Century reserves the right to amend this answer to plead such affirmative defenses should they be discovered.

**WHEREFORE,** Century prays as follows:

    1.    That Plaintiff takes nothing by reason of his Complaint;

    2.    That the Complaint be dismissed in its entirety with prejudice;

    3.    That judgment be entered for Century; and

    4.    That Century be awarded its reasonable attorneys' fees, costs and other expenses incurred in connection with the defense of the action.

Dated: March 16, 2017              SNELL & WILMER L.L.P.

By: _____
           Brian Mills
           Erin D. Leach
           Anne Dwyer
           Attorneys for Defendant
           Integra Capital Group, Inc. dba Century
           Business Solutions

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA, 92626-7689

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

4831-6042-2820

# PROOF OF SERVICE
## Donald Joseph Acosta v. Century Business Solutions
### O.C.S.C. Case No. 30-2017-00902395-CU-OE-CJC

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California, 92626.

On March **20**, 2017, I served, in the manner indicated below, the foregoing document described as **DEFENDANT INTEGRA CAPITAL GROUP, INC. DBA CENTURY BUSINESS SOLUTIONS' ANSWER TO COMPLAINT FOR DAMAGES** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

### *[SEE ATTACHED SERVICE LIST]*

☒  BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).]

☐  BY FACSIMILE: (C.C.P. § 1013(e)(f)).

☐  BY FEDERAL EXPRESS / OVERNITE EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐  BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

☐  BY E-MAIL: I caused such document to be served via e-mail to the below-referenced addressees.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March **20**, 2017, at Costa Mesa, California.

Julie Wall

| Joseph J. Gigliotti, Esq.<br>GIGLIOTTI & GIGLIOTTI<br>26501 Rancho Parkway South<br>Suite 101<br>Lake Forest, CA 92630 | **COUNSEL FOR PLAINTIFF**<br>**DONALD JOSEPH ACOSTA**<br><br>Phone: (949) 305-8202<br>Fax:    (949) 305-8239<br>E-mail: |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 926561489

3

# EXHIBIT 5

13243683

Brian J. Mills (#216078)
bmills@swlaw.com
Erin D. Leach (#247785)
eleach@swlaw.com
Anne Dwyer (#288216)
adwyer@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone:    714.427.7000
Facsimile:    714.427.7799

Attorneys for Defendant
Integra Capital Group, Inc. dba Century
Business Solutions

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| DONALD JOSEPH ACOSTA, | Case No. 30-2017-00902395-CU-OE-CJC |
| Plaintiff, | **DEFENDANTS' NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§1441(a) (FEDERAL QUESTION)** |
| v. | |
| INTEGRA CAPITAL GROUP, INC. dba CENTURY BUSINESS SOLUTIONS, a California corporation; and DOES 1 to 10, | |
| Defendants. | |
| | FILING DATE: February 8, 2017 |

SNELL & WILMER
——— L.L.P. ———
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    TO THE CLERK OF THE COURT AND PLAINTIFF AND HIS ATTORNEYS OF

2    RECORD:

3         PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the in the

4    United States District Court of the Central District of California on March 21, 2017.  A copy of

5    the Notice of Removal is attached to this Notice and served and filed herewith.

6

7    Dated: March 21, 2017                    SNELL & WILMER L.L.P.

8

9                                        By: _____

10                                           Brian J. Mills
                                            Erin D. Leach
11                                          Anne Dwyer
                                            Attorneys for Defendant
12                                          Integra Capital Group, Inc. dba Century
                                            Business Solutions
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

<u>DONALD JOSEPH ACOSTA V. INTEGRA CAPITAL, et al.</u>

U.S.D.C. Case No.

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On March 21, 2017, I served, in the manner indicated below, the foregoing document described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1441(a) (FEDERAL QUESTION)** on the interested parties in this action:

## *[SEE ATTACHED SERVICE LIST]*

☒ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. § 5 (b)(2)(C)).

☐ BY FACSIMILE: I caused such document to be sent via facsimile transmission to the offices of the above-referenced addressees (C.C.P. § 1013(e)(f)).

BY E-MAIL: I caused such document to be delivered by electronic service as it has been authorized and agreed upon by Rule 2.251 of the California Rules of Court.

☐ BY FEDERAL EXPRESS/ OVERNITE EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to Plaintiff's Counsel. (C.C.P. § 1011(a)(b)).

☐ BY E-FILING (USDC Central): I electronically filed the document described above with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the parties listed below.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on March 21, 2017, at Costa Mesa, California.

Julie Wall

CERTIFICATE OF SERVICE
CASE NO.

4844-7918-0357

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# CERTIFICATE OF SERVICE
## DONALD JOSEPH ACOSTA V. INTEGRA CAPITAL GROUP, et al.
### U.S.D.C. Case No.

Joseph J. Gigliotti, Esq.
GIGLIOTTI & GIGLIOTTI
26501 Rancho Parkway South
Suite 101
Lake Forest, CA  92630

**COUNSEL FOR PLAINTIFF RYAN LEWIS**

Phone:  949.305.8202
Fax:      949.305.8239, fax
E-mail: